UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

THOMAS MEUSE,

                              Petitioner,

            v.                                                9:06-CV-0490
                                                                  (LEK)(GJD)

TODD R. CRAIG,

                              Respondent.

APPEARANCES:

THOMAS MEUSE
Petitioner, *pro se*

LAWRENCE E. KAHN, United States District Judge

### DECISION and ORDER

Presently before the Court for consideration is a petition from *pro se* petitioner Thomas Meuse ("Petitioner") seeking habeas corpus relief from his sentence. Dkt. No. 1.

Petitioner states that he was convicted in the United States District Court for the District of Massachusetts of one count of conspiracy to commit armed bank robbery, three counts of attempted armed bank robbery, two counts of use of a firearm during and in relation to a crime of violence, and one count of conspiracy to interfere with interstate commerce. Dkt. No. 1 at 7. On April 20, 1998, Petitioner was sentenced to a term of 627 months imprisonment. *Id*. Petitioner now seeks relief from his sentence. In support of his Petition, Petitioner relies upon a line of recent Court decisions implicating Sixth Amendment rights, including *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000);[1] *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531

---

[1] In *Apprendi*, the Supreme Court stated in part that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 120 S.Ct. at 2362-63.

(2004);[2] and *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005).[3] Petitioner asserts that his sentence enhancement violates his Sixth Amendment right to a jury trial, and that he is therefore entitled to resentencing.

A prisoner in custody under sentence of a federal court who wishes to collaterally attack the validity of his conviction or sentence may file a motion in the sentencing court pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255. A § 2255 motion is subject to a one year limitations period. In addition, § 2255 contains a gatekeeping provision that limits a petitioner's ability to file a second or successive § 2255 motion. The statute provides, in pertinent part, that:

> [a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>    (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

By contrast, a petition pursuant to 28 U.S.C. § 2241 is the proper means to challenge the execution of a sentence. *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004); 28 U.S.C. § 2241. For example, a § 2241 petition may be used to challenge computation of a sentence by federal officials, parole decisions, or prison disciplinary actions. *See Jiminian v. Nash*, 245 F.3d

---

[2] *Blakely* held that the Sixth Amendment bars sentences greater than "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 542 U.S. at 303-04, 124 S.Ct. at 2537.

[3] In *Booker*, the Supreme Court held that "two provisions of the Sentencing Reform Act of 1984 (SRA) that have the effect of making the Guidelines mandatory must be invalidated in order to allow the statute to operate in a manner consistent with congressional intent." *Booker*, 543 U.S. at 227, 125 S. Ct. at 746.

144, 146 (2d Cir. 2001).  A federal prisoner may generally not seek relief from his conviction or sentence pursuant to a § 2241 petition.

Petitioner challenged his conviction and sentence by motion pursuant to § 2255, which was denied by the sentencing court on April 16, 2003.  Dkt. No. 1 at 8. The First Circuit denied Petitioner a certificate of appealability, and the United States Supreme Court denied Petitioner *certiorari* review.  *Id*.  Petitioner seeks to invoke the so-called "savings clause" of § 2255, which permits a federal prisoner to seek relief under § 2241 if he can show that his remedy under § 2255 is "inadequate or ineffective to test the validity of his detention."  28 U.S.C. § 2255; *see Triestman v. United States*, 124 F.3d 361 (2d Cir. 1997).

The § 2255 "savings clause" was discussed at length by the Second Circuit in *Triestman*. The Circuit cautioned that the remedy provided by the savings clause is narrow, and exists solely "to preserve habeas corpus for federal prisoners in those extraordinary instances where justice demands it."  *Triestman*, 124 F.3d at 378 (citations omitted).  This interpretation of § 2255's savings clause limits habeas relief to those circumstances where § 2255's remedy is unavailable and the "failure to allow for collateral review would raise serious constitutional questions." *Triestman*, 124 F.3d at 377.[4]

While a § 2241 petition might be available in certain extraordinary circumstances to grant habeas corpus relief from a conviction and sentence, it is not available to Petitioner in this case. Both the First and Second Circuits have ruled that *Apprendi* does not apply retroactively to cases, like this one, on collateral review.  *See Sepulveda v. United States*, 330 F.3d 55, 63 (1st Circuit

---

[4] In *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003), the Second Circuit reaffirmed its prediction in *Triestman* that "the types of cases raising such serious constitutional questions would be 'relatively few.'"  The *Cephas* Court also stated that "to date we have recognized only one: cases involving prisoners who (1) can prove 'actual innocence on the existing record,' and (2) 'could not have effectively raised [their] claim[s] of innocence at an earlier time.'"  *Id.* (quoting *Triestman*, 124 F.3d at 363) (footnote omitted).

2003) (*Apprendi* is a new criminal procedural rule that does not apply retroactively to initial 2255 motions for habeas relief)*; Coleman v. United States*, 329 F.3d 77, 82 (2d Cir. 2003) (same); *Forbes v. United States*, 262 F.3d 143, 145 (2d Cir. 2001) (*Apprendi* is a new rule of constitutional law which has not been made retroactive by the Supreme Court to second or successive § 2255 motions for relief ).  Both Circuits have reached the same conclusion with respect to *Blakely.  See Cuevas v. DeRosa*, 386 F.3d 367, 368 (1st Cir. 2004) (*Blakely* not retroactive to cases on collateral review); *Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005) (same).  Likewise, both Circuits have held that *Booker* does not apply retroactively to cases that have reached final resolution.  *See United States v. Fraser*, 407 F.3d 9, 11 (1st Cir. 2005); *Cirilo-Munoz v. United States*, 404 F. 3d 527, 533 (1st Cir. 2005); *Guzman v. United States*, 404 F.3d 139, 144 (2d Cir. 2005)*; Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005).  Thus, Petitioner is not caught in a gap between remedies that may be filled by the use of a common law writ; rather, he is absolutely barred from presenting his claim because the Supreme Court's holding in *Apprendi, Blakely*, and *Booker* do not apply to his conviction and sentence.

WHEREFORE, it is hereby

ORDERED, that the petition for writ of habeas corpus filed by Petitioner (Dkt. No. 1) is **DENIED** and **DISMISSED**, and it is further

ORDERED, that Petitioner's application to proceed *in forma pauperis* (Dkt. No. 2) is **DENIED as moot**, and it is further

ORDERED, that the Clerk serve a copy of this Order on Petitioner.

DATED:   June 22, 2006
         Albany, New York

Lawrence E. Kahn
U.S. District Judge

4